UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS DERISE CORBRAY,

                Petitioner,

v.

JASON BENNETT,

                Respondent.

Case No. 3:24-cv-05284-RSM-TLF

REPORT AND RECOMMENDATION

Noted for: May 17, 2024

This matter comes before the Court on petitioner Dennis Derise Corbray's application to proceed *in forma pauperis* with regard to a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the legality of his 2002 conviction. Dkt. 1-1 (challenging Pierce County Case No. 01-1-04411-9). Petitioner is proceeding without representation by counsel.

Mr. Corbray has already filed two habeas corpus petitions in this court challenging his conviction and sentence. *See Corbray v. Carter,* C06-5043-RJB; *Corbray v. Bennett*, C24-5122-TL-MLP.[1] Accordingly, the Court recommends dismissal of the petition without leave to amend. If petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

---

[1] Petitioner filed an additional proposed petition which he voluntarily dismissed. *See Corbray v. Bennett*, C24-00076-KKE-BAT Dkt. 13 (Order Granting Voluntary Dismissal).

REPORT AND RECOMMENDATION - 1

DISCUSSION

Mr. Corbray's first petition was denied on the merits. *See Corbray v. Carter,* C06-5043-RJB at Dkt. 24 (Order Adopting Report and Recommendation). The Ninth Circuit denied a certificate of Appealability. *Id*. at Dkt. 31.

Mr. Corbray filed his second petition in February 2024, challenging his conviction and sentence. *Corbray v. Bennett*, C24-5122-TL-MLP. On April 16, 2024 his second petition was denied as an unauthorized second or successive petition. *Id*. at Dkt. 16 (Order Adopting Report and Recommendation). The District Court denied a certificate of appealability. *Id*. Petitioner filed an appeal which is currently pending. *Id*. at Dkt. 18.

Before filing another challenge, petitioner was required to apply for and receive authorization from the Ninth Circuit Court of Appeals; petitioner has not provided any evidence that he has done this. 28 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to secure such an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a); *see Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart,* 549 U.S. 147,157 (2007). However, Ninth Circuit Rule 22-3(a) provides, in relevant part, that:

> An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. …. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

The Circuit Advisory Committee Note to the rule makes clear that,

> If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court *may* transfer the filing to the court of appeals in the interests of justice or, in the alternative, *the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 (emphasis added).

Here, petitioner does not allege any habeas corpus ground for relief based on a new rule of constitutional law or newly discovered evidence of actual innocence; the interests of justice do not weigh in favor of the Court transferring this petition to the Court of Appeals. Under Ninth Circuit Rule 22-3, the Court should dismiss the petition without prejudice, and petitioner may request authorization from the Court of Appeals to file a successive petition.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must "demonstrate[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

NOTED FOR: MAY 17, 2024 - 3

Reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Accordingly, this Court concludes petitioner should not be granted a certificate of appealability with respect to the instant petition.

CONCLUSION

The Court should dismiss this habeas corpus petition as a second or successive petition and administratively close the file. A proposed order and judgment accompany this Report and Recommendation.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 17, 2024, as noted in the caption.

Dated this 2nd day of May, 2024.

Theresa L. Fricke
United States Magistrate Judge