UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DENNIS DERISE CORBRAY,<br><br>                Petitioner,<br><br>   v.<br><br>JASON BENNETT,<br><br>                Respondent. | CASE NO. 3:24-cv-05284-RSM-TLF<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

This matter comes before the Court on referral from the Ninth Circuit Court of Appeals for the limited purpose of granting or denying a certificate of appealability. *See* Dkt. #10.

On June 10, 2024, the Court adopted a Report and Recommendation finding that Petitioner was bringing an unauthorized second or successive 28 U.S.C. § 2254 petition and dismissed it without prejudice for lack of subject matter jurisdiction. Dkt. #6. Petitioner has filed an appeal and the Ninth Circuit seeks a certificate of appealability as to this appeal.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petitioner cannot appeal from a district court judgement unless he obtains a certificate of appealability. *See* 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 481-82 (2000). To obtain one, a petitioner

must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "need not show that he should prevail on the merits" but only that the issue presents a "question of some substance," that is, an issue that (1) is "debatable among jurists of reason," (2) could be "resolved in a different manner" by courts, (3) is "adequate to deserve encouragement to proceed further," or (4) is not "squarely foreclosed by statute, rule or authoritative court decision" or "lacking any factual basis in the record." *Barefoot v. Estelle*, 463 U.S. 880, 893–94 & n.4 (1984); *Slack*, 529 U.S. at 483-84.

In this case, the Court adopted a Report and Recommendation that concluded that "petitioner should not be granted a certificate of appealability with respect to the instant petition." *See* Dkt. #5 at 4. However, the Court did not explicitly reference this language in its Order. *See* Dkt. #6. Because the Ninth Circuit has directed the Court to grant or deny a certificate of appealability, the Court has again considered the above standards and concludes that such a certificate should not issue in this case for the reasons stated in the Report and Recommendation, namely that petitioner was required to apply for and receive authorization from the Ninth Circuit Court of Appeals prior to filing another challenge and has not provided any evidence that he has done this. The grounds for dismissal are not debatable among jurists of reason and could not be resolved in a different manner.

Given all of the above, the Court finds and ORDERS that a certificate of appealability should not issue in this case. The Court directs the Clerk to send a copy of this Order to the Ninth Circuit Court of Appeals.

//

//

//

DATED this 15th day of July, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING CERTIFICATE OF
APPEALABILITY - 3